

# THE ATTORNEY GENERAL
## OF TEXAS

December 15, 1988 .

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert E. Davis            Opinion No.  JM-993
Chairman
Productivity Bonus Commission        Re:  Authority of the Pro-
P. O. Box 12428, Capitol Station     ductivity Bonus Commission
Austin, Texas 78711                  created by  article  6252-
                                     29, V.T.C.S.   (RQ-1459)

Dear Mr. Davis:

     You ask a number of questions concerning the Productiv-
ity Bonus  Commission, article  6252-29, V.T.C.S.    We  will
first  describe  the  Commission   and  highlight  its   key
functions before discussing each of your questions.

     The Commission is charged with administering a  program
designed to produce  savings for the  taxpayers by  reducing
the operating costs of  state agencies through the   improve-
ment of productivity by means of techniques specified in the
statute.  See  generally V.T.C.S.   art. 6252-29,   § 6.    The
Commission  is  composed  of   the  comptroller  of   public
accounts, the State Auditor, the director of the Legislative
Budget  Board,  a  member  of  the  governor's  staff,   the
classification  officer   appointed   under   the   Position
Classification Act  of  1961 (art.  6252-11,  V.T.C.S.),  an
officer or employee of a political subdivision of the state,
and three persons from private industry who have  experience
in the administration of  incentive pay programs.   V.T.C.S.
art. 6252-29, § 2(a).

     State agencies in the  executive and judicial  branches
of the  government, with  the  exception of  the  governor's
office and institutions  of higher education,  may elect  to
participate in  the  program  outlined  in  the  statute  by
submitting a plan that  "outlines a strategy . . . that,  if
implemented, would cause the  agency . . . to qualify for  a
productivity  bonus."    Id.  § 4(a).     The    Act   contains
detailed instructions and criteria for the Commission to use
in determining whether an agency plan produces cost  savings
in its yearly  operations which qualify  for a  productivity
bonus.  Id. §§ 5 and 6.   Bonuses actually awarded are  pre-
sented to employees of the agency and result in an  increase

of the  funds available  to the  agency for  its  operations during a subsequent fiscal year.  Id. § 9.  A portion of any cost savings accrued through increased productivity is to be returned to the fund in  the treasury from which the  agency receives appropriations.  Id.

Finally,

> [i]t is the intent of the legislature that  a state agency or a division of an agency  that reduces its cost of operations and  qualifies for a  productivity  bonus . . . may  not  be penalized for those savings through a corresponding reduction in  appropriations for  the subsequent fiscal biennium.

V.T.C.S. art. 6252-29, § 9(e).

You first ask whether the Productivity Bonus Act grants powers of  the executive  branch to  the Productivity  Bonus Commission.

The Productivity Bonus Commission is charged with  very specific  duties  involving  the  execution  of  a  detailed legislative mandate.  See, e.g., V.T.C.S. art. 6252-29, §§ 7 and 8.  Its executive powers are neither few nor de minimis. See Attorney General Opinion JM-141 (1984).  The legislature has expressly  conferred authority  upon the  Commission  to execute the  law  and  to  determine  the  manner  in  which appropriated funds are  expended. It also  has those  powers which are  necessarily implied  from  the express  grant  of authority.  Railroad  Commission  of  Texas  v.  Red  Arrow Freight Lines, Inc., 96 S.W.2d 735 (Tex. Civ. App. -  Austin 1936, writ ref'd).  The powers of  the Commission thus  are wholly executive -- they will be used not for ceremonial  or advisory purposes, but  to execute the  law and provide  for the disbursement of appropriated funds in a pattern selected by the Commission.

You next ask:

> If the  Commission  is an  executive  agency, does the composition of the Commission -- the presence of members of the legislative branch -- violate  the  doctrine  of  separation  of powers?

Article II, § 1 of the Texas Constitution provides for the separation of powers between the executive, legislative, and judicial branches.

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or <u>collection of persons</u>, being of one these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.   (Emphasis added.)

Tex. Const. art. II, § 1.

The doctrine of separation of powers serves as a "self-executing safeguard against the encroachment or aggrandizement of one branch [of government] at the expense of the other." <u>Buckley v. Valeo</u>, 424 U.S. 1, 122 (1976). "No political truth is certainly of greater intrinsic value or is stamped with the authority of more enlightened patrons of liberty." Madison, The Federalist No. 47, p. 324 (Cooke ed. 1961). "The purpose of separation and equilibration of powers in general . . . [is] not merely to assure effective government but to preserve individual freedom." <u>Morrison v. Olson</u>, 108 S.Ct. 2597, 2637 (1988) (<u>per</u> the dissenting opinion of Justice Scalia). <u>See also</u> "Separation of Powers," 4 Encyclopedia of the American Constitution 1659 (1986).

This office has consistently held that any attempt by the legislature to supervise the implementation of statutes through some means other than the normal legislative process specified in sections 28 through 40 of article II of the Constitution of Texas violates the doctrine of separation of powers. Attorney General Opinions JM-872 (1988); MW-460 (1982); V-1305, V-1254 (1951); O-4609 (1942).

The State Auditor and the Director of the Legislative Budget Board are officials of the legislative branch of government and they are answerable only to that branch. The Auditor is appointed by the Legislative Audit Committee and serves at the will of the Committee. Gov't Code § 321.005. The Director of the Legislative Budget Board is appointed by

the Board and is only accountable to, and serves at the will of, that legislative agency.  Gov't Code § 322.004.

The doctrine of separation of powers does not prevent effective coordination and cooperation between the legislative and executive branches of the government in the effective resolution of public problems. State Board of Insurance v. Betts, 308 S.W.2d 846 (Tex. 1958). But the legislature may not assume general authority to execute and administer the laws.  This principle is uniform throughout American law.  See e.g., Morrison v. Olson, supra, I.N.S. v. Chadha, 462 U.S. 919 (1985).  Many of the cases from other states supporting the doctrine are collected in Attorney General Opinion JM-872 which concerned the impermissibility of a legislative official -- the State Auditor -- supervising activities carried out by executive agencies in administering the law.  The principle of separation of powers is especially important when the legislature attempts to manage the expenditure of funds already appropriated:

> [t]he Legislature is no longer authorized to concern itself with the further . . . disbursement of the funds, the constitutional inhibition being not only against actual usurpation of the function, but also against one [branch] setting itself up in a supervisory capacity over the actions of another. [Citation omitted.]

**** 

> [T]he fiscal administration of the affairs of the government [is] an executive duty.

Attorney General Opinion V-1254 (1951), at 15.  Thus, the Productivity Bonus Commission is unconstitutionally constituted because some of its members are answerable only to the legislature and share responsibility with executive officers for executing the law.

Because the inclusion of officials answerable only to the legislature in command of an executive agency violates the doctrine of separation of powers, you ask whether the Commission may continue to function if the legislative officials occupy "advisory positions" only or abstain from voting.

There is no authority for either proposition. The statute certainly expects that the legislative officials named to the Commission will discharge their duties. These tasks include deciding which agencies are entitled to productivity bonuses and the amount of the bonuses to be awarded. V.T.C.S. art. 6252-29, §§ 8 and 9. Such duties are not merely advisory but rather involve the exercise of fact-finding and the application of discretion in executing a public policy. Officials and officers of the state government, consistent with their duties to the people, may not pick and chose from among the duties they will execute. Additionally, the mere "advisory" presence of officials who serve only at the will of the legislature in command of an executive agency may lead to an improper encroachment of one branch into the affairs of another.[1] See Attorney General Opinion JM-872 (1988).

You also ask:

> Does the Commission have authority to make the awards specified in the statute out of funds already appropriated to the agencies or their divisions, which participate in a productivity bonus plan when some of the appropriated funds are saved in connection with the productivity improvements contemplated by the Act?

Because we find that the composition of the Productivity Bonus Commission is unconstitutional, we do not consider this question.

---

1. This opinion should not be taken to mean that every entity composed of members or officials of different branches of the government is unconstitutional. Some entities consisting of members from the different branches of government may be authorized by the constitution. Other bodies too numerous to list here have many duties that are purely advisory or merely ceremonial and do not involve detailed tasks requiring the exercise of discretion about the expenditure of appropriated funds. In such a case, the function of the body may be appropriate under the constitution because nothing in the doctrine of separation of powers prevents coordination and cooperation between the branches of government.

Honorable Robert E. Davis - Page 6  (JM-993)

## S U M M A R Y

The Productivity Bonus Commission exercises functions of the executive branch of the Government. Because of the doctrine of separation of powers, its composition may not include officials appointed by, and only answerable to, the legislature. Tex. Const. art. II, § 1.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General